# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN HARP**, | Case No. 2:23-cv-23-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **MARTIN O'MALLEY**, Commissioner of Social Security, | |
| Defendant. | |

On July 25, 2024, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. ECF 15, 16. Before the Court is Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 17.

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083

PAGE 1 – ORDER

(9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $7,292.86. Defendant does not oppose this request. ECF 20. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

The Court GRANTS Plaintiff's unopposed application for attorney's fees, ECF 17. Plaintiff is awarded $7,292.86 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the court an assignment of EAJA fees to his counsel, Defendant shall cause the payment of fees, after any applicable offsets, to be made directly to Plaintiff's counsel, Chad Hatfield, 8131 W Klamath Ct, Ste D, Kennewick, WA 99336.

**IT IS SO ORDERED.**

DATED this 25th day of October, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge